The Honorable Reid Holiman State Senator P.O. Box 146 Lowell, AR 72745
Dear Senator Holiman:
This is in response to your request for an opinion on the following question:
 Does Act 1306 of 1993 prohibit a city attorney in a city of the first class, who has been operating a hot check program, from continuing to operate the program and collect the prosecutor fees that are allowed under A.C.A. 21-6-411, if the city attorney is operating the program with the consent of the duly elected state prosecutor and is deputized as a deputy prosecutor by the state prosecuting attorney?
In my opinion, Act 1306 does not prohibit a city attorney of a city of the first class from operating a hot check program and collecting the fees allowed under A.C.A. 21-6-411 (1987). As I will explain below, however, the collection of these fees by a city attorney of a first-class city might otherwise be limited.
Section 8 of Act 1306 of 1993 amended A.C.A. 14-42-112(e) to read as follows:
 The municipal attorney shall receive as part of his compensation the same fees as are allowed prosecuting attorneys pursuant to Arkansas Code Annotated 21-6-410 in this state in all criminal cases. However, the city or town, by resolution or ordinance, may specify a certain salary or salary and fees as the city or town council may desire. In the event the municipal attorney is paid a salary only, the city or town is authorized to collect the fees referred to in this subsection and apply them as the council may direct.
Prior to this amendment, 14-42-112(e) read, in pertinent part, as follows:
 The municipal attorney shall receive as part of his compensation the same fees as are allowed prosecuting attorneys in this state in all criminal cases.
By its own language, 14-42-112 applies only to municipal attorneys for second-class cities and incorporated towns. Thus, following the passage of Act 1306, it appears that14-42-112(e) no longer permits municipal attorneys for second class cities and incorporated towns to collect the same fees as prosecuting attorneys for collecting and processing hot checks pursuant to A.C.A. 21-6-411 (1987). The amended version of14-42-112(e) limits the collection of such fees to those provided for in A.C.A. 21-6-410 (1987). Because14-42-112(e), as amended by Act 1306, does not apply to city attorneys of first-class cities, however, it does not prohibit them from collecting the fees provided in 21-6-411 in connection with the operation of a hot check program. Nonetheless, it is my opinion that the collection of such fees might otherwise be limited.
As I discussed in Opinion No. 91-048, with which you state you are familiar, prosecuting attorneys may lawfully designate city attorneys to prosecute violations of state misdemeanor laws occurring within their municipalities. In turn, city attorneys are authorized to collect the fees usually allowed prosecuting attorneys for such prosecutions. See A.C.A. 14-42-112 (Cum. Supp. 1993); A.C.A. 14-43-410 (1987); and A.C.A. 21-6-410(a) and (e) (Cum. Supp. 1993). I noted in Opinion No. 91-048 that14-43-410 authorizes cities of the first class to provide by ordinance that the city attorney shall receive for all prosecutions of violations of state laws, the same fees as are allowed prosecuting attorneys in this state in all criminal cases. I interpreted that provision to authorize a city attorney of a first-class city to collect, pursuant to a valid municipal ordinance, the same fees a prosecuting attorney is authorized to collect for the prosecution of hot checks, including those fees set out in 21-6-411 for the processing and collecting of such checks. Upon closer examination of14-43-410, however, it is my opinion that it only provides authority for the collection of the hot check fees set out in21-6-411 to the extent that the processing and collecting of hot checks thereunder constitutes a "prosecution." Although this possible distinction was not recognized in Opinion No.91-048, I feel compelled to recognize it at this time.
In summary, Act 1306 does not appear to prohibit city attorneys of first-class cities from operating a hot check program and collecting the fees therefor pursuant to A.C.A. 21-6-411. Nonetheless, it is my opinion that such city attorneys are only authorized to collect the 21-6-411 fees to the extent that their actions taken in connection with the hot checks thereunder may be considered "prosecutions."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh